**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHELLE LUNDI<br>4832 Roosevelt Blvd<br>Philadelphia, PA 19124<br><br>*Plaintiff,*<br><br>v.<br><br>UNIVERSAL PROTECTION SERVICES, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES<br>161 Washington St., Suite 600<br>Conshohocken, PA 19428<br><br>*Defendant.* | CIVIL ACTION<br><br>No. ______________<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. This action has been initiated by Michelle Lundi (hereinafter referred to as "Plaintiff") against Universal Protection Services, LLC d/b/a Allied Universal Security Services (hereinafter referred to as "Defendant") for violations of the Americans with Disabilities Act ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must, however, file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically her federal claims under the ADA.

**JURISDICTION AND VENUE**

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under ADA and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a security company contracted to provide security services at many sites throughout Pennsylvania, including the location of Plaintiff's former employment with Defendant.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired to work for Defendant at the "Comcast Building" located at 1800 Arch Street, Philadelphia, PA.

12. Plaintiff was hired by Defendant on or about April 20, 2017 and was employed as a security guard.

13. While employed with Defendant, Plaintiff was a dedicated and hard-working employee.

14. Plaintiff has and continues to suffer from medical conditions, including but not limited to back conditions, which (at times) limits her ability to perform some daily life activities, including but not limited to lifting, bending, standing, walking and sitting.[2]

15. Despite Plaintiff's aforesaid health conditions, she was and is still able to perform the duties of her job well with Defendant (with or without reasonable accommodations).

---

[2] *See Eastman v. Research Pharms., Inc.*, 2013 WL 3949236, 2013 U.S. Dist. LEXIS 107935 (E.D. Pa. 2013) (denying summary judgment motion as plaintiff's general "back pain" and herniated disc could constitute a disability under the ADAAA).

16. Plaintiff conveyed her aforesaid health conditions to Defendant, including but not limited to supervisor Khadafi Yallah, following her car accident (discussed *infra*), and again to manager Chris McAvoy while expressing concerns of harassment, denial of accommodations and discrimination.

17. On or about July 21, 2017, Plaintiff was involved in a car accident and sustained significant injuries to her back, which exacerbated her already existing back problems.

18. The car accident resulted in increased limitations in Plaintiff's ability to stand and walk (at times). Plaintiff was forced to undergo regular physical therapy following the aforesaid accident (which is expected to continue).

19. Despite the aggravation of Plaintiff's health conditions, she was still able to perform the essential duties of her job, however she required and requested modest accommodations, including but not limited to intermittent time off (during flare-ups) and being able to sit down on occasion.

20. After informing Defendant of her health conditions and requesting accommodations, Plaintiff was subjected to significant hostility, in particular from McAvoy. Plaintiff was targeted for selectively-enforced discipline and her need for intermittent time off was questioned, even though she provided doctor's notes.

21. McAvoy even threatened Plaintiff on multiple occasions that she would be terminated for taking time off for her health conditions.

22. McAvoy also denied Plaintiff's requests, at time, to attend medical appointments for her back conditions without engaging in any interactive process. McAvoy simply told Plaintiff that she would be disciplined if she missed any time, even if it was to attend medical treatment for her back.

23. In fact, Plaintiff ultimately was terminated as a direct consequence of taking time off for her disability, *i.e.,* she was subjected to retaliation for requesting an accommodation.[3]

24. On or about September 7, 2017, Plaintiff was terminated by McAvoy, for allegedly not providing documentation excusing her medical absences on multiple occasions (which was untrue).

25. For one to two (1 – 2) days prior to Plaintiff's termination, she had been in the hospital but still had her father call in to Defendant prior to the start of her shift, to give Defendant appropriate notice.[4] Notwithstanding the reasonable accommodation Plaintiff's father requested on her behalf, she was still forced to speak with McAvoy directly, while she was going into the emergency room.

26. At that time, Plaintiff also complained to McAvoy about his continued harassing behavior directed towards Plaintiff's medical conditions.

27. One to two (1 – 2) days after: (i) Plaintiff and her father requested reasonable accommodations on her behalf; and (ii) Plaintiff complained about disability discrimination and harassment, Plaintiff was terminated.

28. At the time of Plaintiff's termination, McAvoy presented Plaintiff with false and pretextual disciplinary write-up steps for previous alleged incidents, which Plaintiff had never seen before and were all signed by McAvoy that same day (9/7/17).

---

[3] *See Bernhard v. Brown & Brown of Lehigh Valley, Inc.*, 720 F.Supp.2d 694, 703 (E.D. Pa. 2010) (Pratter, J.) (a period of up to three months off from work can constitute a reasonable accommodation), citing *Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 151 (3d Cir. 2004) ("[T]he federal courts that have permitted a leave of absence as a reasonable accommodation under the ADA have reasoned ... that applying such a reasonable accommodation at the present time would enable the employee to perform his essential job functions in the near future.").

[4] *See Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 313 (3d Cir. 1999) ("The EEOC compliance manual provides that 'a family member, friend, health professional, or other representative may request a reasonable accommodation on behalf of an individual with a disability.' 2 *EEOC Compliance Manual*, Enforcement Guidance for Psychiatric Disabilities, at 20–21.").

29. Upon information and belief, Defendant did not terminate non-disabled individuals [including but not limited to "Desmond" and "Bonnie" (last names unknown)] for similar and/or more significant alleged attendance concerns that Plaintiff had allegedly demonstrated.

30. Plaintiff's termination was completely pretextual, as she was terminated: (1) shortly after complaining of disability discrimination; (2) in close proximity to requesting reasonable accommodations for her aforesaid health conditions; (3) after being subjected to extreme hostility and animosity because of her health conditions and requests for accommodations; and (4) for reasons selectively enforced against her.

**First Cause of Action**
**<u>Violations of the Americans with Disabilities Act, as amended ("ADA")</u>**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Failure to Accommodate; [3] Retaliation; and [4] Hostile Work Environment)**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected her ability to perform some daily life activities (as discussed *supra*).

33. Plaintiff requested reasonable accommodations, including but not limited to intermittent time off (during flare-ups) and being able to sit down on occasion.

34. Defendant failed to accommodate Plaintiff's aforesaid health conditions and simply refused to engage in the interactive process with her.

35. As a result of the hostile treatment she was being subjected to while employed with Defendant, Plaintiff complained of disability discrimination in close proximity to her termination.

36. Plaintiff believes and therefore avers that she was subjected to a hostile work environment, denied accommodations and terminated from Defendant because of: (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations; and/or (4) her complaints of discrimination.

37. These actions as aforesaid constitute violations of the ADA, as amended.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: *<u>/s/ Ari R. Karpf</u>*
Ari R. Karpf, Esq.
Adam C. Lease, Esq,
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
*Attorneys for Plaintiff*

Dated: April 4, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Michelle Lundi | : | CIVIL ACTION |
| v. | : | |
| Universal Protection Services, LLC d/b/a Allied Universal Security Services | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 4/4/2018 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4832 Roosevelt Blvd, Philadelphia, PA 19124

Address of Defendant: 161 Washington Street, Suite 600, Conshohocken, PA 19428

Place of Accident, Incident or Transaction: Defendant's place of business

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) ______

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

### ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4/4/2018 ______ Attorney-at-Law ARK2484 Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/4/2018 ______ Attorney-at-Law ARK2484 Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LUNDI, MICHELLE

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

UNIVERSAL PROTECTION SERVICES, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1 U.S. Government Plaintiff
X 3 Federal Question *(U.S. Government Not a Party)*
2 U.S. Government Defendant
4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- X 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- X 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

X1 Original Proceeding
2 Removed from State Court
3 Remanded from Appellate Court
4 Reinstated or Reopened
5 Transferred from Another District *(specify)*
6 Multidistrict Litigation - Transfer
8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
"ADA" (42USC12101)

Brief description of cause:
Violations of the ADA and the PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: 4/4/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Print | Save As... | Reset